# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JANICE FAYE FRAZIER JACKSON,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIV. ACT. NO. 2:06-CV-360-VEH** |
| v. | ) ) | |
| **MAX TRANSIT,** | ) ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Max Transit's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. 6).[1]  Max Transit seeks to have the court dismiss this action with prejudice.  Plaintiff Jackson did not file a response to the instant motion.  A motion to dismiss under Fed. R. Civ. P. 12(b)(1) does not demand a decision on the merits; therefore, it is improper for this court to dismiss this action with prejudice due to Jackson's error in filing with a court that simply lacks jurisdiction to hear her claims.  For the reasons articulated herein, Max Transit's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED** to the extent that this action is **DISMISSED WITHOUT PREJUDICE**.

---

[1]Jackson, a pro se plaintiff, incorrectly refers to the Birmingham-Jefferson County Transit Authority as "Max Transit."  In order to minimize confusion, the court will continue to refer to Defendant as "Max Transit."

Jackson filed a Complaint with this court on February 23, 2006, alleging a cause of action for personal injury against Max Transit. Accepting the allegations of the plaintiff as true, on July 2, 2003, she fell on a bus that was owned and operated by Max Transit and, as a result, she sustained personal injuries. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (the court must accept all allegations in a plaintiff's complaint as true when analyzing a facial attack on the complaint pursuant to Fed. R. Civ. P. 12(b)(1)). The cause of Jackson's fall is not clear from the language of the Complaint; however, Jackson seems to be seeking monetary damages to cover the cost of care for her personal injuries, specifically an injury to her pelvic region causing internal bleeding.

The Motion to Dismiss filed by Max Transit does not attack the merits of Jackson's claims. Instead, Max Transit challenges the jurisdiction of this court with regard to Jackson's case. This memorandum opinion will not consider the merits of this action.

## **Standard of Review**

A United States District Court is a court of limited jurisdiction. It is extremely difficult to dismiss a claim for lack of subject matter jurisdiction. *Simanonok v. Simanonok* 787 F.2d 1517, 1519 (11th Cir. 1986). Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: (1) "facial attacks" and

(2) "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

Facial attacks on the complaint demand "the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations of his complaint are taken as true for the purposes of this motion." *Id.*

Factual attacks "challenge the existence of subject matter jurisdiction on fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997). "On a factual attack on subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of a plaintiff's cause of action." *Id.* If the facts do not go to the merits of the plaintiff's cause of action:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence,* 919 F.2d at 1529 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).

## **Discussion**

Max Transit asserts a facial attack on Jackson's Complaint; therefore, the court need only examine the Complaint to determine whether Jackson has sufficiently alleged a basis for subject matter jurisdiction. *Lawrence* at 1528-29.

The Northern District of Alabama provides pro se plaintiffs with a form designed to assist such plaintiffs in filing complete and proper complaints with this court. The form includes a section in which a plaintiff is instructed to list the statute(s) relied upon to invoke this court's jurisdiction. Jackson utilized this form; however, she chose not to provide any information, either in the space provided for such information or anywhere else within her complaint, regarding her authority to invoke this court's jurisdiction.

The court has scrutinized Jackson's complaint in an effort to reveal any basis under which this court could exercise subject matter jurisdiction over Jackson's claim. It is the conclusion of this court that it does not have jurisdiction over this case. Diversity jurisdiction pursuant to 28 U.S.C.A. § 1332 is not applicable to this case in that both Jackson and Max Transit are domiciled in Jefferson County, Alabama. Jackson's fall while riding as a passenger, in Birmingham, Alabama, on a bus owned and operated by Max Transit does not involve a federal question. There is no other basis for federal jurisdiction applicable to this case.

Accordingly, Max Transit's Motion to Dismiss for Lack of Subject Matter Jurisdiction will be granted, without prejudice to plaintiff's right to file another lawsuit, presumably in state court. A separate Final Order will be entered consistent with this memorandum opinion.

**DONE** this 12th day of April, 2006.

                                               **VIRGINIA EMERSON HOPKINS**
                                               United States District Judge